# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRANK SINITO, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civ. No. 87-0814 (TFH) |
| | ) |
| U.S. DEPARTMENT OF JUSTICE, <u>et al.</u>, | ) |
| | ) |
| **Defendants.** | ) |

**FILED**

**MAR 2 3 2001**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## <u>MEMORANDUM OPINION</u>

Pending before the Court is the plaintiff's Motion for an Award of Attorney's Fees.

Frank Sinito seeks to recover attorneys' fees for successfully substituting himself as the plaintiff

in this lawsuit after his father, the original plaintiff, passed away.  Upon careful consideration of

the plaintiff's motion, the opposition thereto, and the entire record herein, the Court will deny the

plaintiff's motion.

## I. BACKGROUND

Thomas J. Sinito was convicted in 1981 on a Racketeer Influenced Corrupt Organizations

charge and was sentenced to 18 years imprisonment.  In December 1986, then-plaintiff Thomas

Sinito filed a FOIA and Privacy Act request, seeking DOJ records related to U.S. District Court

Judge John M. Manos, Jackie Presser, and himself.  The plaintiff filed this case on March 24,

1987, seeking access to those same records from numerous DOJ components.  On October 10,

1990, he filed an Amended Complaint to narrow the request for documents.  By order of

February 13, 1991, deciding a fee waiver issue, the Honorable Gerhard A. Gesell found, *inter*

*alia*, that the narrowed request was limited to documents that (1) mention plaintiff, and (2)

address one or more of seven broad subjects.  Feb. 13, 1991 Order at 2-3 & n.1.[1]

In 1993, the parties filed cross-motions for summary judgment.  Subsequently, the

Supreme Court decided U.S. Dep't of Justice v. Landano, 508 U.S. 165 (1993), which changed

the law concerning application of FOIA Exemption 7(D), 5 U.S.C. § 552(b)(7)(D).  On

September 29, 1993, this Court ordered the reprocessing of documents withheld under

Exemption 7(D).  Documents were reprocessed under Landano and a new Department of Justice

FOIA policy.  Further documents were subsequently released by the FBI and DOL in 1994.

On April 18, 1995, this Court approved a stipulation by the parties, settling the plaintiff's

claim for an interim payment of attorney fees and costs to date in the amount of $15,000.  The

defendants subsequently filed a renewed motion for summary judgment on May 24, 1995.  On

September 19, 1997, the plaintiff filed a renewed cross-motion for summary judgment and a

motion for preparation of a supplemental Vaughn index.  Before the parties could complete the

responsive briefings on their renewed motions for summary judgment, however, Thomas Sinito

died in prison.

On March 31, 1998, this Court granted the defendants' motion to dismiss the action as

moot, denied the cross-motions as moot, and denied the plaintiff's motion to substitute Frank

Sinito, Thomas Sinito's son, as the plaintiff.  Frank Sinito appealed and on May 18, 1999 the

Court of Appeals held that a FOIA cause of action may survive the death of the requestor and

---

[1] The parties further narrowed the issues on December 15, 1992, stipulating that the plaintiff dismiss the lawsuit except as to responsive records from three sources: the FBI (but only records requested in the amended complaint); the EOUSA (but only records from the Office of the United States Attorney for the Northern District of Ohio at Cleveland); and the Criminal Division (but only records presented to Judge Gesell in camera.  (On February 8, 1991, pursuant to Judge Gesell's January 31, 1991 Order, defendants submitted for in camera inspection a one-page FBI report and a four-page Criminal Division document with eight pages of attachments originating with the DOL.)

remanded for a determination of whether Frank Sinito could properly substitute for his deceased

father under Fed. R. Civ. P. 25. Sinito v. U.S. Dep't of Justice, 176 F.3d 512 (D.C. Cir. 1999).

On September 3, 1999, this Court approved a stipulation, through which the defendants agreed

not to oppose the substitution of Frank Sinito as plaintiff, that the cross-motions for summary

judgment were reinstated, and that the briefing on those motions was to be completed.

On July 12, 2000, this Court issued a Memorandum Opinion and Order granting the

defendants' motion for summary judgment and dismissing the case.  The Court found no

evidence that the defendants failed to substantiate an adequate search or that they failed to show

that the withheld material falls within the enumerated exceptions of FOIA.  The Court also found

no basis to grant plaintiff's request for preparation of a new Vaughn index or to permit the

plaintiff to engage in limited discovery regarding the matter.

## II. DISCUSSION

The plaintiff now seeks attorneys' fees under FOIA's fee-shifting provision, 5 U.S.C. §

552(a)(4)(E).[2]  FOIA states that "[t]he court may assess against the United States reasonable

---

[2] The plaintiff states that he alternatively seeks attorneys' fees under the Equal Access to
Justice Act ("EAJA"), 28 U.S.C. § 2412. See Pl.'s Mot. at 1.  However, the plaintiff devotes the
entirety of his memorandum in support of his motion for fees under FOIA; he makes no
arguments respecting the EAJA. See Pl.'s Mem. at 1-6.  He has therefore clearly failed to
discharge his burden under the EAJA.  Moreover, because FOIA provides for attorneys' fees, it
appears that the EAJA is unavailable to the plaintiff. See Environmental Defense Fund, Inc. v.
EPA, 716 F.2d 915, 919 (D.C. Cir. 1983) ("The legislative history of the EAJA clearly indicates
that it was intended to apply 'to cases (other than tort cases) where fee awards against the
government are not already authorized.' ") (quoting H.R. Rep. No. 1418, 96th Cong., 2d Sess.
18, reprinted in 1980 U.S. Code Cong. & Ad. News 4953, 4997 (28 U.S.C. § 2412(d)(1)(A) "is
not intended to replace or supersede any existing feeshifting statutes such as the Freedom of
Information Act.")); see also, e.g., Frye v. EPA, 1992 WL 237370, at *6 n.1 (D.D.C. Aug. 31,
1992) (citing Environmental Defense Fund, 716 F.2d at 919).  Moreover, the D.C. Circuit has
established a two part test to determine whether a party has prevailed in cases such as this in
which judicial relief was not ultimately awarded: "(1) whether the party received a significant

3

attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." Id.  In determining whether to exercise this discretion, the Court must determine whether the plaintiff is (1) "eligible" and (2) "entitled" to the fees he requests.  Chesapeake Bay Foundation, Inc. v. U.S. Dep't of Agriculture, 11 F.3d 211, 215-16 (D.C. Cir. 1993) (citing Weisberg v. U.S. Dep't of Justice, 848 F.2d 1265, 1268 (D.C. Cir. 1988)).  To be eligible for fees, the plaintiff must have "substantially prevailed" within the meaning of section 552(a)(4)(E) of FOIA.  Specifically, the D.C. Circuit has stated "a party is eligible for attorneys' fees when it is shown that the lawsuit was (1) reasonably necessary and (2) that the litigation substantially caused the requested records to be released." Id. (citing Vermont Low Income Advocacy Council, Inc. v. Usery, 546 F.2d 509, 513 (2d Cir. 1976)).  Even if the plaintiff is eligible for fees, he must additionally show entitlement.  With respect to this second prong, the Court must weigh four factors in determining whether "an eligible FOIA litigant is also entitled to attorneys' fees: (1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) whether the Government had a reasonable basis for withholding requested information." Id. (citing Tax

---

part of the relief it sought; and (2) whether the lawsuit was a necessary or substantial factor in obtaining the result." Lundin v. Mecham, 980 F.2d 1450, 1457 (D.C. Cir. 1992) (citing Tucson Med. Ctr. v. Sullivan, 947 F.2d 971, 982 (D.C. Cir. 1991); Commissioners Court of Medina County, Texas v. United States, 683 F.2d 435, 440 (D.C. Cir. 1982)).  Under the first prong, a prevailing party need not show total success, but only that it succeeded on a significant issue in the case and achieved some benefit the party sought.  See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  Under the second prong, a prevailing party must establish but for causation—"that it is more probable than not that the government would not have performed the desired act absent the lawsuit." Young, 909 F.2d at 550; see also Maduka, 114 F.3d at 1241.  Therefore, even if the plaintiff had argued for fees under the EAJA and it was available, for substantially the same reasons as supplied below the Court could not find that the plaintiff had "received a significant part of the relief it sought" in this case. Lundin, 980 F.2d at 1457.

4

Analysts v. United States Dep't of Justice, 965 F.2d 1092, 1093 (D.C. Cir. 1992)).

The plaintiff claims that he is eligible for fees solely on the basis of successfully seeking to substitute himself as the plaintiff in this action in lieu of his deceased father. See Pl.'s Mem. at 1-2. The defendants rejoin that the parties settled all attorneys' fees to date in April 1995, and since that date the plaintiff received no further disclosures and no further relief on the merits of his lawsuit: "[B]y focusing on the substitution issue only, plaintiff's attorney fees request implicitly admits that he received no further relief under the FOIA after the interim fee settlement." Defs.' Mem. at 5-6. And the successful pursuit by the plaintiff to be substituted as the plaintiff, argue the defendants, does not satisfy the requirement that the plaintiff substantially prevail.

The plaintiff is ineligible for attorneys' fees. The plaintiff has lost on the merits of every FOIA claim asserted in this suit since the settlement of the interim fees in 1995. And his substitution as the plaintiff is insufficient to show "that the litigation substantially caused the requested records to be released" as required. Chesapeake Bay Foundation, 11 F.3d at 216. In other words, the plaintiff's substitution victory, while necessary to the survival of the lawsuit, was strictly procedural. This suit was initiated under FOIA to compel disclosure of records, not for the purpose of substituting parties. Thus, while the parties' stipulation to the plaintiff's substitution kept this case alive, it simply did not give the plaintiff any part of the relief sought in bringing the lawsuit. Cf. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (stating in context of a civil rights lawsuit that "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."). In an analogous civil rights case, the Supreme Court held

5

that plaintiffs who obtained reversal of a directed verdict against them in the Court of Appeals had not prevailed on the merits of their claims for attorneys' fees. Hanrahan v. Hampton, 446 U.S. 754, 756-59 (1980). The Court reasoned that the plaintiffs were "in a position no different from that they would have occupied if they had simply defeated the defendants' motion for a directed verdict in the trial court. The jury may or may not decide some or all of the issues in favor of the respondents. If the jury should not do so on remand in these cases, it could not seriously be contended that the respondents had prevailed." Id. at 758-59. Similarly here, by winning his appeal and by obtaining a stipulation substituting him into this case, the plaintiff did nothing more than place himself in the position he would have been in had this Court permitted his substitution in the first instance. It did not, however, bring disclosure of any records. Thus, the Court cannot find the plaintiff to be eligible for attorneys' fees.[3]

---

[3] Because the plaintiff is ineligible, the Court need not address the plaintiffs' arguments as to his entitlement. However, the Court seriously doubts whether the plaintiff could make a persuasive showing under the third and fourth considerations—respectively, the nature of the plaintiff's interest in the records and whether the government had a reasonable basis for withholding requested information. There appears to be a strong self-interest involved in this case, and the incentive for public dissemination is not immediately discernable. And because the defendants obtained summary judgment, it certainly appears that the defendants had a reasonable basis for withholding the documents relevant to this fees petition.

## III. CONCLUSION

For the foregoing reasons, the Court will deny the plaintiff's motion for attorneys' fees.

An appropriate Order will accompany this Opinion.


March 23rd, 2001

_____
Thomas F. Hogan
United States District Judge